ENGEL, GUARDIAN, v. THE STANDARD LIGHTING. CO.

**1. OPERATING DEFECTIVE MACHINERY.**

In an action by an employee against his employer for personal injuries received while operating a stamping press known to be out of repair in two particulars, viz., *First*, defective clutch, rendering the blank-holder and plunger liable to fall spontaneously; and *Second*, absence of gauges; the fact that the defendant had promised to restore the gauges, whose absence required plaintiff in operating said press to put his hand under said. blank-holder and plunger; will not obviate plaintiff's voluntary assumption of the former risk, when it appears that his hand, while so necessarily in the press, was injured by the spontaneous fall of the blank-holder and plunger on account of said defective clutch.

**2. NECESSARY AVERMENTS IN PETITIONS AS TO DEFECTS IN MACHINERY AND KNOWLEDGE OF SAME.**

Where the petition alleges both said defects, but contains no averments either that plaintiff was without knowledge of the first defect or that defendant had promised to repair the same, it is not sufficient that the petition avers that defendant had promised to repair the second defect; and defendant's motion to exclude evidence was properly sustained. *Coal and Car Co.* v. *Norman*, 49 Ohio State, 598.

**3. ACTS ON PART OF PLAINTIFF WHICH AMOUNT TO AN ASSUMPTION OF A RISK.**

Where plaintiff had complained of both said defects to his foreman, who thereupon expressed his opinion that the first defect did not exist, but promised to repair the second defect, the plaintiff will be presumed to have known and assumed the risk of the first defect, although he alleges that he believed and relied upon the foreman's said expression of opinion that such defect did not exist.

ERROR to the Court of Common pleas of Cuyahoga county.

The petition of plaintiff below, who is plaintiff in error here, is as follows:

The plaintiff, John C. Engel, says that he is the duly appointed, qualified and acting guardian of Andrew T. Engel, who is a minor, and as such guardian he brings this suit.

He says that the defendant, The Standard Lighting company, is a corporation duly organized under the laws of Ohio, and at all times hereinafter mentioned, it was such corporation.

He says that on the 21st day of June, 1892, and four months prior thereto, said Andrew T. Engel was in the service and employ of the defendant as pressman, and said Andrew T. Engel was then of the age of 18 years.

He says that the duties of Andrew T. Engel, as such pressman, was to place iron sheets upon a press in place to be pressed by the die into a pan shaped vessel called heat collector, and when the sheets were so placed upon the press, a part of the machine, called blank-holder, was by the automatic action of the machine pressed downward upon the edge of the plate, thereby holding it firmly in place, when immediately following the descent of the blank-holder upon the plate, a plunger or top die was forced downward upon the plate and within the blank-holder, and carried the center of the plate downward into the bottom die where the plate was thus, between the top and bottom dies, pressed and shaped into a sort of pan called heat collector.

Engel v. The Standard Lighting Co.

He says that said machine and press was driven by steam power and was originally supplied with guides so placed and situated as to enable the operator in putting in the plates, to put them in place properly, by shoving them against the guides, by which means the plate would be put in proper place, without the operator being obliged to put his hands in the place upon which the plate was required to be and below the blank-holder and top die. He says that said blank-holder and plunger were arranged so as to be held up and above the press, and to be detained there at the pleasure of the operator, while adjusting the plates or removing the pan, after one had been drawn, and were so held up by a clutch attached to a pulley, and frame of the press, which clutch was operated by a pedal, so that when the operator desired the blank-holder and plunger to be held up, by operating the pedal this could be accomplished and as soon as a sheet was in place, or the pan was drawn and removed, by again operating the pedal, the clutch was withdrawn, so as to cause the blank-holder and plunger to be forced downward by the action of the machinery.

He says that said guides had, on said 21st day of June, 1892, been broken off and were absent from said press, and that said Andrew T. Engel, while so employed on said date operating said press, was obliged to put his left hand under said press in adjusting the plates there under, so as to determine when the plate was in exactly the proper position to be pressed into shape by the dies, all of which was well known to the defendant, its agents and servants then in charge of the shop, and who were superintending the operation thereof and who were in authority over the said Andrew T. Engel as such employee.

He says that on said 21st day of June, 1892, the said clutch by which said plunger and blank-holder was held up while the plates were being adjusted beneath, became and was out of repair, so that it failed to securely hold up said blank-holder and plunger, till the pedal was operated by said Andrew T. Engel to cause them to descend, but allowed them to descend upon the press suddenly and without any notice or warning thereof.

He says that defendant's foreman then in charge of the work being done on the press, had knowledge on said last named date that said clutch was out of repair and failed to hold up said blank-holder and plunger, and also knew that the same had recently before failed to operate and had allowed said blank-holder and plunger to fall, and knowing the same, and that said guides were broken off and gone, and that in operating said press it would be necessary for the operator to place his hand beneath said blank-holder and plunger to properly place the sheets, and knowing the clutch was then out of order and repair and that said blank-holder and plunger were liable to fall while the operator's hand was under the press and in a place of danger, ordered and directed said Andrew T. Engel to proceed to operate said press and to place the sheets thereunder, and to remove the pans therefrom, after they had been drawn, and said foreman was then and there notified by said Andrew T. Engel and Charles Fay, who had been operating said press, that said clutch was out of order and said gauges were gone, and that said blank-holder and plunger had recently before fallen because said clutch was out of repair. And said foreman then and there directed said Andrew T. Engel to take the place of said Charles Fay and to go on and operate said press in the manner aforesaid, and that he, the said foreman, then and there said to Charles Fay in the presence and hearing of

said Andrew T Engel, that said clutch was not out of repair and that the blank-holder and plunger had fallen because Fay touched the pedal and said Andrew T Engel then and there trusted and relied upon said statements of said foreman and each of them, and believed them to be true.

He says that thereupon said Andrew T. Engel went to work as so directed and within half an hour thereafter was in the act of placing a sheet of iron in place under said upper die and blank-holder, when without any notice or warning to him and without touching said pedal, the said clutch gave away or became disengaged, and said blank-holder suddenly fell with great force and caught his left hand and crushed all the fingers of his left hand, so that the same had to be and they were all amputated at the knuckle joints.

He says that said injury was caused wholly without any fault or neglect on the part of Andrew T. Engel.

He says the defendant, its agents and servants, were negligent in the premises in allowing said guides to be broken off and in causing said machine to be operated and used while said guides were absent from the machines and in allowing said clutch to be out of order and repair and in causing said machine to be operated and used while the clutch was so out of order and repair and in ordering and directing said Andrew T. Engel to operate said machine while said guides were off, and while said clutch was out of repair and order, and in not putting said guides on said machine, and in not repairing said clutch and in telling said Andrew T. Engel that said clutch was not out of repair, and in thus inducing him to believe that the same was in proper order and repair; he says that by reason of said injury, said Andrew T. Engel was compelled to and did undergo a surgical operation and had all his fingers of his left hand amputated at the knuckle joints; he suffered great pain of body and anguish of mind and his left hand has been permanently maimed and disfigured, to his damage in the sum of twenty-five thousand dollars.

Wherefore, plaintiff prays judgment against the defendant for twenty-five thousand dollars and his costs.

MARVIN, J.

This suit was brought in the court of common pleas of this county by John C. Engel, as guardian of his minor son, Andrew T. Engel, against The Standard Lighting company, asking to recover a judgment for personal injuries received by his ward while in the employ of the defendant, The Standard Lighting company. The petition sets out that Andrew T. Engel was employed by the defendant about a stamping machine. He was employed as a pressman—that was the name of his employment. His business was to put sheets of iron into a stamping machine, and the machine had a platform; there were guards about that so that when the sheet was placed into the machine by these guides or guards which were about the outside, it would push in just far enough and would be held at each side, the right and left, at the right point, so that by laying it upon the table or platform and pushing it forward, it was sure to get into the right place on the machine, without the employee placing his hand under the place where the die came down, and was forced down at the proper time to make in dentures in this sheet that was thus placed in the press. The machine, the petition alleges, was out of order at the time that young Engel entered upon his work at that machine. It was out of order in that the

Engel v. The Standard Lighting Co.

guides were broken and did not properly perform the office which they should have performed, necessitating his placing his hand so far out upon the iron which was on the table or platform, as that if the die came down while his hand was there he would receive injury, but that would not have been so if the guides had been upon the machine as they ought to have been. So that it is said that the employer, the Standard Lighting company, was negligent in leaving these guides thus out of order. But in addition to that it is said that the die or plunger, which came down upon the sheet of iron was caused to come down upon it by the operation of a clutch; that that was operated by a treadle. The foot was placed upon this treadle and that caused the clutch to operate which threw down the die, and that that was out of order. The petition alleges that while this Andrew T. Engel, the young man, the ward, was employed on the 21st of June, 1892, upon this machine, he did put a piece of iron, a sheet of iron upon this platform into the machine, and that in order to adjust it and have it in right place, he was obliged to place his hand forward, the plunger came down and injured him, and suit is brought to recover for that damage.

He says that the foreman who was in charge of this work had knowledge at the time the ward of the plaintiff was thus employed, that said clutch was out of repair and failed to hold up said blank-holder and plunger, and also knew that the same had recently before failed to operate, and had allowed said blank-holder and plunger to fall, and knowing the same and that said guides were broken off and gone, and that in operating said press it would be necessary for the operator to place his hands beneath the said blank-holder and plunger to properly place the sheets, and knowing that the clutch was then out of order and repair and that said blank-holder and plunger were liable to fall while the operator's hand was under the press and in a place of danger, ordered and directed said Andrew T. Engel to proceed to operate said press, and place the sheets thereunder and to remove the pans therefrom after they had been drawn. The sheets of iron were pressed and shaped by the use of this machine, into a sort of pan called a heat holder, I believe. "Said foreman was then and there notified by said Andrew T. Engel and Charles Fay, who had been operating said press, that said clutch was out of order and said gauges were gone, and that said blank-holder and plunger had then recently before fallen because said clutch was out of repair, and said foreman then and there directed Andrew T. Engel to take the place of said Charles Fay, and to go on and operate said press in the manner aforesaid, and that he, the said foreman, would have said gauges fixed and replaced in proper condition, and said foreman then and there said to said Charles Fay in the presence and hearing of said Andrew T. Engel, that said clutch was not out of repair, and that the blank-holder and plunger had fallen because Fay had touched the pedal, and said Andrew T. Engel then and there trusted and relied upon said statements of said foreman and each of them, and believed them to be true."

The allegation, then, is that the attention of the foreman was called to the fact by the man who had been operating this press that the clutch was out of order and that the dies were out of order; that the foreman promised that as to the guide he would see that they were properly repaired; that as to the clutch, he said to the young man: "You are mistaken, it is not out of order, but the falling of the plunger at the wrong time on a former occasion was because the operator hit his foot against

the pedal and caused the plunger to fall;'' and under those circumstances Engel went on to operate the machine.

Now an answer was filed to this petition which admitted that the defendant was a corporation. It charged contributory negligence on the part of the young man who was injured.

No demurrer was filed to the petition, but when the case came up for trial, objection was made to the introduction of any evidence on the part of the plaintiff, on the ground that the allegations of the petition were not such as to entitle him to a recovery. The court sustained that objection, and the plaintiff not desiring to plead further, judgment was entered for the defendant with costs in the case, and the case comes here for review.

It was urged before us that the petition was sufficient, because so far as the guides were concerned, there was a promise on the part of defendant to repair, and that the plaintiff had a right to rely upon that promise and go on at the risk of the employer. That so far as the clutch was concerned, the employer, the defendant, by its foreman, had stated that the clutch was not out of repair and that the plaintiff or the plaintiff's ward, relied upon that and had a right to rely upon that.

Now, the petition shows, so far as it shows anything about the knowledge of this clutch being out of repair, that each, the foreman and Engel, had the same information about it. The foreman said to Fay, in the presence and hearing of said Engel, that said clutch was not out of repair. First, the attention of the foreman was called to the fact that it was out of repair. Engel knew about that, the foreman knew about it—each knew the same. Whether it was out of repair or not, each had the same information about it. The foreman said it was not out of repair, and that the reason the plunger had fallen, as I have said, was because of the fact that the operator had hit his foot against the treadle. But there is no allegation in this petition that Engel did not know that it was out of repair, and the allegation, as I have said, showed that he knew the same about it as the other man knew, and there was no promise to repair that, but simply it was said to him "It isn't out of repair."

Under the case in the 49th 1 Ohio State Reports, 598, *Coal & Car Company* v. *Norman*, it is said in the syllabus: "In an action by a servant against his master for an injury resulting from the negligence of the latter in furnishing appliances, or in caring for the premises where the work is to be done, the plaintiff must aver want of knowledge on the part of the defects causing the injury; or that, having such knowledge, he informed the master and continued in his employment upon a promise, express or implied, to remedy the defects; an averment that the injury occurred without fault on his part is not sufficient."

Now, that being the law, and that is the law declared by our supreme court, we think this petition does not contain sufficient averments to authorize a recovery upon it. We think that it was proper for the court to say that no evidence could be introduced under this petition, because there is no allegation here that there was any promise to repair the clutch, nor is there any allegation that the plaintiff didn't know all about that clutch. We think that the court of common pleas was right in holding that no evidence could be introduced, and we affirm the judgment of the common pleas.

We are cited to a case in the 40th Ohio State Reports, 148, *Manufacturing Company* v. *Morrissey*. The syllabus of that case is :

"M., while using a machine in his capacity of workman for a manufacturing company acquired a knowledge of its defects and consequent unsafe condition. He complained of its condition to the foreman, under whose orders he was working, and whose duty it was to see that the machinery was kept in good order and repair. The foreman promised him to remedy said defects, and directed him to go to work on the machine. The workman thereupon remained in the service of the company and continued to use the machine, and in so doing was injured through its said defects before any steps were taken to remedy the same.

*Held*, that the workman's knowledge of the defects in the machine was not, under the circumstances and as matter of law, conclusive of contributory negligence on his part; but it was a fact in the case to be taken into consideration by the jury, with all the other facts and circumstances, in determining the question, whether the workman's owns negligence contributed to the accident by which he was injured."

Without stopping to read further, from the opinion of the court it will be seen that there was a case where there was a promise on the part of the employer to repair the defective machinery, and the reliance upon that promise. Here there was only a promise to repair one of the defects, and it would seem that the defect in the machinery by which the plunger was likely to fall, and did fall, would be the thing that there should have been a promise to repair in order to authorize this young man to have proceeded and rely upon the company, his employer, to protect him; that is to say, proceed at the risk of the employer.

I think the petition was defective in not stating that the employee did not know of the defective clutch, or else that there was a promise to repair that defective clutch.

*Blandin & Rice*, for Plaintiff in Error.

*Frederick A. Henry*, for Defendant in Error.